FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 18 2025

TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MAGIAN HARDY                                                           PLAINTIFF

v.                    Case No. 4:25-CV-_135-LPR_

BOARD OF TRUSTEES OF THE
UNIVERSITY OF ARKANSAS – PINE BLUFF                                    DEFENDANT

## ORIGINAL COMPLAINT

COMES NOW Magian Hardy, by and through her attorneys Elizabeth Rogers and Chris Burks of WH Law, for her Original Complaint against Board of Trustees of the University of Arkansas – Pine Bluff, she does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. Plaintiff brings this action against the Defendant for violation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S. Code § 2000(e)2 ("Title VII") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's discriminatory actions toward Plaintiff, resulting in her termination.

2. Plaintiff received inequitable treatment and an adverse employment action as a result of her race, which is Black, and her sex, which is female.

3. Upon information and belief, Defendant has willfully and intentionally committed violations of Title VII as described, *infra*.

### II. JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the Title VII.

This case assigned to District Judge _Rudofsky_
and to Magistrate Judge _Volpe_

Page 1 of 7

5. The acts complained of herein were committed and had their principal effect within the Central Division of the Eastern District of Arkansas. Accordingly, venue is proper within this District pursuant to 28 U.S.C. § 1391.

6. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

7. The witnesses to Title VII violations alleged in this Complaint reside in this District.

### III. THE PARTIES

8. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

9. Plaintiff is a resident and citizen of Chicot County, Arkansas.

10. Plaintiff Magian Hardy was hired by Defendant in 2017. She was employed by them continuously until her termination on November 15, 2024.

11. At all material times, Plaintiff has been entitled to the rights, protection, and benefits provided under Title VII.

12. Defendant is an "employer" within the meanings set forth in Title VII , and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

### IV.   FACTUAL ALLEGATIONS

13. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

14. Plaintiff was hired by Defendant on March 13, 2017. During her employment with Defendant, she was promoted to Patrol Sergeant.

15. On November 21, 2023, UAPB Chief of Police Tony Jordan disseminated a directive ordering officers to complete reports by the end of shift, unless otherwise authorized by a supervisor.

16. On October 24, 2024, there was an active shooter incident at Defendant's campus during an annual bonfire event during Homecoming Week.

17. When the shooting incident began, Plaintiff was driving a police vehicle that did not have a siren or a radio. Because Plaintiff did not have a radio, Plaintiff had to call for back-up to Lt. Johnson on her cell phone while she motioned for students to take cover.

18. Plaintiff was the only officer present in the parking lot where the shooting incident took place. This was a hectic and chaotic situation with multiple shooters and students running for cover during the incident.

19. After the incident, UAPB Lt. Theodore Haase ordered Plaintiff to open a report on the incident to generate a report number. Plaintiff began preparing the report, but her report was not complete and did not include vital information regarding the incident. Plaintiff saved the report and requested assistance from Lt. Linda Johnson regarding additional details she needed to add to the report.

20. When Lt. Johnson attempted to access the report, it was locked by Lt. Haase. Lt. Haase locked the report prior to the end of Plaintiff's shift, prohibiting Plaintiff from completing the report.

21. Lt. Johnson informed Lt. Haase that it wasn't standard for the report to be locked at that stage, as Plaintiff reviewed all her reports with Lt. Johnson prior to submitting them.

22. Defendant had previously taken preventative security measures during Homecoming Week and particularly during the bonfire event to secure this parking lot and the

surrounding area. In 2024, Defendant did not take preventative security measures, which contributed to the shooting incident that occurred.

23. Further, because Defendant's new police units did not have the standard police package, Plaintiff was unable to communicate via radio to request back-up during the incident.

24. In the report she completed, Plaintiff described seeing a black and white passenger car with several individuals turn into the parking lot where the shooting took place. At the time, Plaintiff believed one of the individuals in this vehicle was firing a weapon.

25. Upon review of the video of the incident, Plaintiff realized the shooter was behind the white vehicle, not inside it.

26. Lt. Haase recommended Plaintiff for termination based on statements Plaintiff included in her unfinished report which he believed were contradicted by video footage of the incident.

27. Had Plaintiff been allowed to finish the report by the end of her shift, without Lt. Haase locking the report, Plaintiff would have been able to review the video footage and ensure her description of this incident were accurate and correct.

28. Lt. Haase recommended Plaintiff for termination based on Plaintiff failing to take actions to engage the shooter when Plaintiff was the only officer present in the parking lot and had no radio to call for back-up, when multiple students were running through the parking lot during the incident.

29. Lt. Haase is a White male.

30. Lt. Haase recommended two other female officers for termination. He habitually subjected female employees and Black employees to disparate discipline as compared to White and male officers who committed similar violations.

31. As a result of the ongoing discrimination Plaintiff experienced as a result of her race, which is Black, and her sex, which is female, Plaintiff was terminated from her employment on November 15, 2024.

## V. FIRST CLAIM FOR RELIEF – Title VII Claims

32. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

33. Plaintiff filed a timely charge with the EEOC, received a right to sue letter, and thus exhausted her administrative remedies.

34. Defendant engaged in unlawful employment practices at their facility in Pine Bluff, Arkansas, in violation of 42 U.S. Code §2000e-2.

35. Specifically, and as detailed above, Plaintiff, who is a Black female, was terminated as a result of ongoing racial and sex discrimination.

36. Defendant employs White and male employees who were not subject to the same treatment that Plaintiff experienced during her employment.

37. As a result, Plaintiff was treated disparately from Defendant's White and male employees.

38. At all relevant times, Plaintiff could perform the essential function of the position for which she was hired.

39. However, Plaintiff was terminated from her position within the relevant statutory period.

40. The effect of the practices complained of above have been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her race.

41. The unlawful employment practices complained of above were and are intentional.

42. The unlawful employment practices complained of above were done with reckless indifference to the federally protected rights of Plaintiff.

43. Pursuant to Title VII of the 1964 Civil Rights Act, as amended, Plaintiff is entitled to, and she seeks, an additional amount as compensatory and punitive damages equal to the sum of her lost wages or salary, benefits and/or other compensation denied or lost to her by reason of Defendant's violations of Title VII, plus any interest she is entitled to for these causes, because Defendant's action were malicious and Defendant had no reasonable grounds for believing that its actions were not in violation of Title VII.

## VI.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Magian Hardy respectfully prays that Defendant be summoned to appear and to answer herein as follows:

(A)   A declaratory judgment that Defendant's practices violate Title VII of the Civil Rights Act of 1964, 42 U.S. Code § 2000(e)-2 and the related regulations;

(B)   Judgment for damages pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S. Code §2000(e)-2, *et seq.* for all compensation, compensatory, and punitive damages owed to Plaintiff;

(C)   An order directing Defendant to pay compensatory and punitive damages to Plaintiff along with pre-judgment interest, reasonable attorney's fees, and all costs connected to this action;

(D)   Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**Magian Hardy, PLAINTIFF**

WH Law
North Little Rock Office
501.888.4357

By:   Elizabeth Rogers (ABN: 2023219)
elizabeth.rogers@wh.law
Chris Burks (ABN: 2010207)
chris@wh.law

Mailing Address:
1 Riverfront Place, Suite 745
North Little Rock, AR 72114